**ALBERTA GAS CHEMICALS, LTD., Plaintiff,**

v.

**CELANESE CORPORATION and Celanese Chemical Company, Inc., Defendants.**

**No. 80 Civ. 1855.**

United States District Court, S. D. New York.

Dec. 11, 1981.

Freeman, Meade, Wasserman & Schneider, New York City (James M. Brachman, New York City, of counsel), for plaintiff.

Derevoise & Plimpton, New York City (J. Asa Sountree, and Steven Klugman, New York City, of counsel), for defendants.

MEMORANDUM OPINION AND ORDER

SOFAER, District Judge:

Plaintiff's motion to restore this case to the Court's active calendar and to vacate the current stay is granted. On October 10, 1980, the complaint in this case was dismissed for failure to state a claim on which relief could be granted in an opinion that also strongly suggested a lack of jurisdiction. 497 F.Supp. 637 (S.D.N.Y.1980). The opinion further stated that, even if the Court had jurisdiction, the doctrine of primary jurisdiction would preclude its exercise. On May 12, 1981 the Second Circuit issued its opinion on appeal. Without addressing the question of jurisdiction, the Court reversed, invoking the doctrine of primary jurisdiction as a basis for obtaining

a determination on plaintiff's claims by the United States International Trade Commission. 650 F.2d 9 (2d Cir. 1981).

On June 17, 1981, plaintiff petitioned the Commission for the determinations suggested by the Court of Appeals. Meanwhile, however, the Commission ruling which had prejudiced plaintiff was reversed by the Court of International Trade, in which decision the Commission acquiesced. *Alberta Gas Chemicals, Inc. v. United States*, 515 F.Supp. 780 (C.I.T.1981). In August 1981, the Commission refused to entertain plaintiff's application, reasoning that the reversal of the Commission's order against plaintiff had corrected the injury plaintiff allegedly had suffered. In addition, the Commission held that it lacked authority to conduct a proceeding to determine whether, as plaintiff alleged, the defendants had committed perjury, because that was a criminal charge over which only the Department of Justice had jurisdiction. Consequently, while the Commission dismissed the petition, it referred the charge to the Department of Justice for possible prosecution.

Defendants have cross-moved for judgment on the pleadings, and for dismissal. Nothing in the ruling of the Court of Appeals suggests any reason to correct the grounds relied upon in dismissing plaintiff's complaint. The defendants' motion for judgment on the pleadings is granted, and the complaint is dismissed, for the reasons stated in the opinion reported at 497 F.Supp. 637. Fed.R.Civ.Proc. 12(b)(1) and 12(b)(6).

SO ORDERED.